HAAS et al. v. MUTUAL RELIEF ASSN. OF PETALUMA.*

L. A. No. 27; October 24, 1895.

42 Pac. 237.

**Change of Venue—Sufficiency of Application.**—A recital, in an affidavit by a mutual benefit association to change the place of trial of an action aga'nst it from L. to S. county, "that all payments of benefits that have become due and payable to the nominees of any

---

*Rehearing denied.

deceased member are made and always have been made by a warrant payable in the city of P.," in S. county, does not controvert an allegation in the complaint that defendant promised to pay at A. in L. county, and justifies the refusal of the motion.

APPEAL from Superior Court, Los Angeles County; Walter Van Dyke, Judge.

Action by Haas and another against the Mutual Relief Association of Petaluma on a benefit certificate. From an order denying its motion to change the place of trial, defendant appeals. Affirmed.

Lippitt & Lippitt for appellant; J. F. Conroy for respondents.

PER CURIAM.—Appeal from an order denying a motion to change the place of trial. The action was commenced in the county of Los Angeles, and a motion was made by the defendant to transfer the cause for trial to the county of Sonoma. Upon the hearing of the motion there was read to the court an affidavit in behalf of the defendant showing that by its articles of incorporation the county of Sonoma is its principal place of business, and also the complaint in the action, which contains the allegation that the defendant promised to pay the money sued for herein at Los Angeles. The defendant did not controvert the truth of this allegation, but in the affidavit filed on its behalf merely stated "that all payments of benefits that have become due and payable to the nominees of any deceased member of said corporation are made, and always have been made, by a warrant drawn in favor of the nominees upon the treasurer, and payable in the city of Petaluma." This statement, however, instead of traversing the averment in the complaint, is entirely consistent with the fact that the defendant promised to pay the sum sued for herein at Los Angeles, and justified the court in denying the motion upon the ground that the contract was to be performed in that county: Trezevant v. W. R. Strong Co., 102 Cal. 47, 36 Pac. 395; Lake Shore Cattle Co. v. Modoc Land & Livestock Co., 108 Cal. 261, 41 Pac. 472. The order is affirmed.