J. D. JEWETT & another *vs.* MICHAEL MORRISON,
administrator.

Suffolk.     November 23, 1899. — January 4, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Scire Facias — Trustee Process — Administrator — Effect of Record —*
*Answer of Trustee.*

An administrator is chargeable on *scire facias* for funds of the estate which came into his hands after the service of a trustee writ upon him in the original action.

If the record of a *scire facias* recites that the judge found for the plaintiff and charged the defendant, who, as administrator, was summoned as trustee in the original action, in a certain sum, and ordered judgment for that amount, " it having appeared at the hearing that funds came to the hands of the administrator after the service of the trustee process," the finding implies that there was a hearing at which the amount was determined.

The rule that the answer of a trustee on *scire facias* and in the original action are to be taken as true, does not apply where the defendant, who is an administrator, does not answer as to the amount which he received after the service of the writ upon him in the original action.

SCIRE FACIAS, on a judgment of the Superior Court, against the administrator of the estate of Hannah Kelley, who had been summoned in the original action as trustee of Richard L. Kelley, an heir at law of the intestate, and defaulted. The record set forth the defendant's answer, which stated that a small sum named was the entire amount of the goods, effects, and credits of the principal debtor which was in his hands at the time of the service of the original process ; certain interrogatories to the defendant, and his answers to the same ; and that the judge found for the plaintiff, and charged the trustee in a certain sum, and ordered judgment for that amount, " it having appeared at the hearing that funds came to the hands of the administrator after the service of the trustee process." The defendant appealed to this court.

*H. J. Edwards,* (*R. E. Harding* with him,) for the defendant.
*A. E. Burr,* for the plaintiffs.

MORTON, J.   It is settled in this State that when an action is begun by trustee process, and an administrator is summoned as

trustee, "the lien takes effect from the service of the process, and reaches the whole interest of the debtor in the personal estate that may eventually come into the hands of the administrator." *Mechanics' Savings Bank* v. *Waite,* 150 Mass. 234, and cases cited. It is also said in that case, that "since the lien is not confined to property in the administrator's possession at the time of service, it seems to follow that it would attach even if no property were in his possession at that time." The fact, therefore, that the funds for which the defendant was charged as trustee came to his hands after the service of the process upon him in the original action cannot avail him.

The court determined in some manner, we do not know how, the amount for which the defendant was chargeable. There is nothing before us to enable us to revise its action in that respect, even if it were revisable here. The finding implies that there was a hearing at which the amount was determined. It is stated in the defendant's brief that there was no hearing except the argument of counsel on the record as it now stands. But the effect of the record, it seems to us, is otherwise. The rule that the answer of a trustee on *scire facias* and in the original action are to be taken as true does not apply, because the defendant did not answer as to the amount which he received after the service of the writ upon him in the original action. He contended, in subtance, that he was not chargeable for what he so received, which was plainly error. And the court thereupon, without exception or objection on his part, so far as appears, found in some way the amount for which he was chargeable. As the case stands, we think that the appeal must be dismissed and the judgment affirmed.

*So ordered.*