[Civ. No. 3872.   First Appellate District, Division One.—July 5, 1921.]

ALTA ROBINSON, Respondent, v. ORDER OF RAILWAY EMPLOYEES (a Corporation), Appellant.

[1] PLACE OF TRIAL—RECOVERY ON ACCIDENT INSURANCE POLICY—COUNTY OF ACCIDENT.—An accident insurance corporation is not entitled to have the place of trial of an action to recover on one of its policies commenced in the county where the holder of the policy was killed, changed to the city and county in which it has its principal business, although the contract was made in such city and county and the premiums paid therein, since the place where the insured is killed is the place where the cause of action arises.

APPEAL from an order of the Superior Court of Humboldt County denying a motion for a change of place of trial. Denver Sevier, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hartley F. Peart and Puter & Quinn for Appellant.

J. J. Cairns and J. Logan Beamer for Respondent.

RICHARDS, J.—This is an appeal by the defendant from an order denying its application for a change of the place of trial of this action from the county of Humboldt to the city and county of San Francisco. The action is one instituted by the plaintiff as the mother of one Stanley Robinson to recover upon a policy of accident insurance issued by the defendant to the latter and in which the plaintiff was named as beneficiary, the said Stanley Robinson having met accidental and violent injuries causing his death in the county of Humboldt on June 3, 1919, in which county both deceased and his mother, the plaintiff herein, resided at the time of his death. The defendant is a California corporation having its principal place of business in the city and county of San Francisco. The contract of accident insurance between the defendant and the deceased was made, executed, and delivered in said city and county of San Francisco, and the payments of the premiums due and to become due thereon were to be made there. The

appellant insists that under the provisions of the state constitution with respect to the place of trial of actions against corporations it was entitled to have its motion for a change of the place of trial to the city and county of San Francisco granted. Said provision of the constitution reads as follows: "A corporation or association may be sued in the county where the contract is made or is to be performed or where the obligation or liability arises or the breach occurs, or in the county in which the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases." It requires no citation of authority to support the appellant's contention that it would have been entitled to a change of venue to the place where the contract of insurance between itself and the deceased son of the plaintiff was made and was to be performed, namely, the principal place of business of the defendant corporation; but this contention does not entirely cover the terms of the foregoing section of the constitution relating to the place of trial of actions against domestic corporations, since that section further provides that such corporations may be sued "in the county where . . . the obligation or liability arises or the breach occurs." It is the contention of the respondent herein that aside from the fact that the contract between the defendant and the deceased was made and was to be performed in the city and county of San Francisco, the obligation or liability thereon arose and the breach thereof occurred in the county of Humboldt, wherein both the plaintiff and the deceased resided at the time of the latter's death. [1] We are referred to no decision of the courts of this state wherein the direct question presented upon this appeal has been sufficiently touched upon or decided to be regarded as an authority herein; but the courts of other states seem to have quite uniformly held that the place where the holder of a policy of accident insurance is injured or killed is the place where the cause of action arises, and hence where under the statutes of those several jurisdictions an action may properly be commenced and tried. (*Rippstein* v. *St. Louis Mut. Life Ins. Co.*, 57 Mo. 86; *Bruil* v. *Northwestern Mut. Relief Assn.*, 72 Wis. 430, [39 N. W. 529]; *Attorney-General* v. *Equitable Acc. Ins. Co.*, 175 Mass. 196, [55 N. E. 890]; *Hildebrand* v. *United Artisans*, 46 Or. 134, [114 Am. St.

Rep. 852, 79 Pac. 347] ; *Bankers' Life etc.* v. *Shelton,* 84 Mo. App. 634; *Roberts* v. *National Ins. Co.,* 201 Mo. App. 239, [212 S. W. 391] ; *Ins. Co. of North America* v. *Mc-Limans,* 28 Neb. 653, [44 N. W. 991].) In 11 Ency. of Pl. & Pr. 384, it is stated: ''Where statutes provide that an insurance company may be sued within the county in which the cause of action or some part of it arose it is generally held that an action on a policy of life insurance is maintainable in the county where the insured resided and died.'' It is true that in most of the foregoing cases the phrase ''in which the cause of action arose'' is used; while in the section of the constitution above quoted the phrase ''in which the obligation or liability arises'' is employed. We see no real distinction between these two phrases, since the term ''cause of action'' can only be held to refer as to its inception to the obligation or liability from which it springs. In the case at bar there was no existing obligation or liability to the plaintiff as the decedent's beneficiary until his death, which occurred, as we have seen, in Humboldt County, where this action was properly begun.

Order affirmed.

Waste, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 4, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 1, 1921.

All the Justices concurred.