[Civ. No. 3592. Third Appellate District.—January 22, 1929.]

JAMES H. McKENZIE, Respondent, v. LOS ANGELES LIFE INSURANCE COMPANY (a Corporation) et al., Defendants; PEOPLE'S MUTUAL LIFE INSURANCE COMPANY (a Corporation), Appellant.

A. B. Weiler for Appellant.

J. J. Henderson and W. A. Green for Respondent.

PLUMMER, J.—This cause is before us upon an appeal by the People's Mutual Life Insurance Company, a corporation, from an order made and entered in the trial court denying said defendant's motion for a change of venue.

On the twenty-eighth day of September, 1927, the plaintiff filed an amended complaint in this cause, from which it appears that the corporation known as the Mutual Indemnity Accident Health and Life Insurance Company of Cali-

fornia, and having its principal place of business at Los Angeles, was regularly incorporated on the twentieth day of February, 1924; that thereafter, and on or about the fifteenth day of December, 1926, the name of said corporation was changed to that of Los Angeles Life Insurance Company; that on or about the twenty-fifth day of May, 1926, said corporation, while doing business under the name of Mutual Indemnity Accident Health and Life Insurance Company of California, for a valuable consideration, issued to the plaintiff a policy of insurance, a copy of which is attached to the complaint, whereby it agreed to pay the plaintiff certain sums in the event of an injury occurring to the plaintiff, as provided and set forth in said policy of insurance, and thereby insuring the plaintiff against any injury that should be received from external violent or accidental means; that after the issuance of said policy, and on the fourth day of August, 1926, the plaintiff, while engaged in his work in the county of Sacramento, as a plasterer, was injured by reason of a scaffolding, upon which he was standing, slipping from under him and precipitating him to a sidewalk below, resulting in the fracture of the bones of the plaintiff's left foot, and also spraining the plaintiff's left ankle, etc.; that at the time of the plaintiff's receiving the injuries above stated, the insurance policy referred to was in full force and effect, and the said Mutual Indemnity Accident Health and Life Insurance Company of California became charged with the duty of paying to the plaintiff the sums of money specified as indemnity in the policy of insurance issued by it to the plaintiff. It further appears that on or about the thirty-first day of May, 1927, the People's Mutual Life Insurance Company, a corporation, duly organized and existing under the laws of the state of California, and having its principal place of business in the city of San Francisco, duly authorized to transact an insurance business, assumed all the insurance contracts entered into by the said Mutual Indemnity Accident, Health and Life Insurance Company of California, and agreed to discharge all outstanding insurance contracts and liabilities incurred by the said Mutual Indemnity Accident Health and Life Insurance Company of California, including, among said contracts of insurance so assumed, the liability of said Mutual Indemnity Accident Health and Life Insurance Com-

pany of California, by reason of its policy theretofore issued to the plaintiff herein, as heretofore stated. It further appears from the allegations of the complaint that there became due and payable to the plaintiff under the terms of said policy of insurance the sum of $1,380, of which sum there has been paid $440, leaving a balance due in the sum of $940. It is for the purpose of obtaining payment of this latter sum that this action is prosecuted.

On the twenty-second day of October, 1927, the defendant and appellant, People's Mutual Life Insurance Company, filed a demurrer and its motion in said action, supported by an affidavit of merits, asking a change of place of trial of this cause from the county of Sacramento to the county of San Francisco, alleging as a reason therefor that San Francisco was the principal place of business of said defendant, and that the contract between the Los Angeles Life Insurance Company (formerly known as the Mutual Indemnity Accident Health and Life Insurance Company of California) and the People's Mutual Life Insurance Company, whereby the latter company took over and assumed all liabilities theretofore incurred and then existing on the part of the said Los Angeles Life Insurance Company, was entered into in the city and county of San Francisco. This appeal is from the order of the trial court denying this motion for a change of place of trial.

The sole reliance of the appellant is upon the fact that the contract, by which it assumed the liabilities of the Los Angeles Life Insurance Company and agreed to pay all claims against the Los Angeles Company, was made in the city of San Francisco, and that while such contract was made for and would inure to the benefit of third persons, it was only to be performed at the city of San Francisco.

While the record shows that at the time the defendant People's Mutual Life Insurance Company, a corporation, appeared in this cause and made its motion for a change of place of trial from the county of Sacramento to the city and county of San Francisco the defendant Los Angeles Life Insurance Company (formerly known as the Mutual Indemnity Accident Health and Life Insurance Company of California) had not made any appearance, the complaint in the action does name said Los Angeles Life Insurance Company as well as the People's Mutual Life Insurance Com-

pany, as a defendant, and while the complaint uses the singular term of "defendant," in paragraph VII thereof, and also in the prayer of the complaint, the allegations of the complaint include the Los Angeles Life Insurance Company (formerly known as the Mutual Indemnity Accident Health and Life Insurance Company of California) as well as the appellant, and states a cause of action against said Los Angeles Company. Under section 17 of the Code of Civil Procedure and section 14 of the Civil Code the singular term includes the plural, and there being nothing in the complaint or in the record indicating that the plaintiff had ever consented to release the Los Angeles Life Insurance Company (formerly known as the Mutual Indemnity Accident Health and Life Insurance Company of California) from its obligations under the policy of insurance issued to the plaintiff, that company, so far as the record shows, is still liable upon said policy and may be made to answer to the demands of the plaintiff's complaint.

It is well settled that under the terms of section 16 of article XII of the constitution, when the accident occurred resulting in injury to the plaintiff, a cause of action arose in favor of the plaintiff against the Los Angeles Life Insurance Company, etc., and that the place of trial of said cause of action was and is at the place where the plaintiff suffered the injury, to wit, the county of Sacramento. This is definitely settled by the case of *Robinson* v. *Order of Railway Employees,* 53 Cal. App. 404 [200 Pac. 87]. This cause of action then existed, and so far as the record shows still exists against the Los Angeles Life Insurance Company. There is nothing in the record which shows that the service of summons upon the Los Angeles Life Insurance Company was not contemplated, or that said Los Angeles Life Insurance Company (formerly known as the Mutual Indemnity Accident Health and Life Insurance Company of California) was not made a defendant in good faith. That said company had not been served with summons and had not appeared in this action at the time the appellant filed its motion for a change of place of trial is wholly immaterial. A cause of action was set forth in the complaint which under the constitution, and as shown by the case to which we have referred, was a cause of action against the Los Angeles Life Insurance Company, etc., triable in the county of Sacra-

mento. This, of course, would preclude the right of the appellant to have the cause of action transferred to the county of San Francisco for trial, if the right so to do otherwise existed. However, the right of action, as shown by the pleadings, against the Los Angeles Life Insurance Company, was fixed when the defendant People's Mutual Life Insurance Company assumed to discharge its obligations. When it took over the business or policies issued by the Los Angeles Life Insurance Company the People's Mutual Life Insurance Company became obligated to perform all and singular the acts covenanted and agreed to be performed by its assignor, and in so doing we think that it covenanted and agreed to perform those obligations so far as third parties are and were concerned, at the place where, under the law, its assignor was bound and obligated to render performance. In other words, by the contract of insurance assigned by the Los Angeles Life Insurance Company, etc., to the People's Mutual Life Insurance Company, and the liabilities thereunder assumed by the People's Mutual Life Insurance Company, the appellant became immediately charged with the duty of rendering performance, at the same place, with which its assignor, the Los Angeles Life Insurance Company, etc., stood charged and obligated.

For the reasons set forth herein, we conclude that the appellant herein was not entitled to a change of place of trial. The order of the superior court is therefore affirmed.

Finch, P. J., concurred.