[Civ. No. 8609.  First Appellate District, Division One.—February 23, 1933.]

MASAJIRO NAKANISHI, Respondent, v. THE POLICY HOLDERS LIFE INSURANCE ASSOCIATION OF LOS ANGELES, CALIFORNIA (a Corporation), Appellant.

Hugh Martin Young, Thomas W. Hughes and Chas. D. Warner for Appellant.

Geary & Geary for Respondent.

PARKER, J., *pro tem.*—This is an appeal by defendant from an order denying its motion for a change of venue from Contra Costa County to Los Angeles County. The action was to recover upon life insurance policies.

The complaint set up the contracts of insurance *in haec verba,* alleged the death of the insured in the county of Contra Costa, and that plaintiff was the beneficiary under the policies. Upon its first appearance defendant demanded a change of the place of trial, and filed its written demand and affidavit of residence as well as the required affidavit of merits. No point is made by respondent as to the procedure. The affidavit upon which the demand for change of venue is based may be summarized. It is set forth that the contracts of insurance upon which the action is based were issued upon the signed applications of one Yukichi Arii; that the applications were received by defendant in the city of Los Angeles; that the policies were issued from Los Angeles; that the policies were issued and the contracts consummated in Los Angeles by delivery of the contracts at Los Angeles, and that said contracts were to be performed, and the liability thereon arose, at Los Angeles, where defendant has its principal and only place of business; further, that the obligations of the contracts of insurance were to be performed in Los Angeles; that in Los Angeles defendant rejected and repudiated any claim of liability, and that therefore the breach, if any, occurred there; that defendant at all times has had its principal place of business in Los Angeles and has never had, nor has it now, any place of business or resident agent or agency in Contra Costa County. As before stated, the affidavit contained further the statement of merits.

The court below permitted plaintiff to file counter-affidavits. Appellant strenuously contends that this action of the trial court was erroneous, and that these counter-affidavits must be entirely disregarded. The counter-affidavits were not made to retain the case in Contra Costa County on account of convenience of witnesses or on any ground which

conceded the right of removal. The sole purpose of the counter-affidavits was to negative the averments of defendant's affidavit and to fully present the issues tendered. The objection of appellant is that no counter-affidavits are permissible upon a motion to change venue until such time as answer has been made and issue joined. Appellant has misconstrued the purport of the cited cases. The point of the authorities is that where a motion to change the venue is resisted on the ground of convenience of witnesses, it is first necessary that issue be joined in order that a court may determine whether any witnesses are necessary, and if so, then what facts are incident to the issues raised. Such is not the case here and the authorities cited have no application. Where venue is to be determined from the issues tendered on the moving party's affidavit, it has been recognized as a proper practice to permit counter-affidavits. For instance, if a defendant should move on the sole ground of residence, it would surely be permissible to show the actual residence by counter-affidavit; this merely as an illustration. Other situations often arise, and the practice permits and encourages a full hearing of the facts determinative of the venue. (*Brown* v. *San Francisco Sav. Union*, 122 Cal. 648 [55 Pac. 598]; *Brady* v. *Times-Mirror Co.*, 106 Cal. 56 [39 Pac. 209].)

These counter-affidavits showed that the defendant had communicated with plaintiff, addressing him at Contra Costa County, and that plaintiff beneficiary had always resided in said county, and that the place of performance of said contracts of insurance was Contra Costa County.

Another counter-affidavit showed that the agent of defendant had solicited the insurance in Contra Costa County, and that the applications were executed and payment made in said county; that the policy-holder at the time of his death was a resident of Contra Costa County.

The policies of insurance provided that upon the death of insured the company was to pay the face of the policies to plaintiff, and the address of plaintiff was given in the applications, which were made a part of the contracts, as Martinez, Contra Costa County.

Section 16, article XII, of the state Constitution provides that a corporation may be sued in the county: (a) where the contract is made or is to be performed; (b) where the

obligation or liability arises; (c) where the breach occurs; (d) where the principal place of business of such corporation is situated. ■ Where a corporation is sued in any one of the counties mentioned in this section, it cannot demand a change of venue as a matter of absolute right, but only as in other cases and for reasons other than that the county in which the action is commenced is not the proper county. (*Trezevant* v. *Strong Co.*, 102 Cal. 47 [36 Pac. 395]; *Fresno Nat. Bank* v. *Superior Court*, 83 Cal. 491, 498 [24 Pac. 157].)

In the case of *Burr* v. *Western States Life Ins. Co.*, 211 Cal. 568 [296 Pac. 273], it was held that an action to recover on a policy of insurance was properly transferred to the county wherein the defendant had its principal place of business. The reason of this decision was that the policy of insurance specifically provided that payments should be made at the home office in San Francisco. The language of the decision makes it clear and unmistakable that if the policy had provided no place of payment, the venue would have been properly laid in the county wherein the liability arose or where the contract was to be performed. In a suit upon the contract of a corporation, where no place of performance is expressly stipulated, it ought to be held performable in the place where the circumstances, viewed in the light of pertinent code provisions, indicate that the parties expected or intended it to be performed. (*Bank of Yolo* v. *Sperry Flour Co.*, 141 Cal. 314 [74 Pac. 855, 65 L. R. A. 90].)

Section 1489 of the Civil Code provides that in the absence of an express provision to the contrary, an offer of performance may be made at the option of the debtor: 1. At any place appointed by the creditor; 2. Wherever the person to whom the offer ought to be made can be found. In this case the creditor elected to have the payment made at his place of residence, known to the debtor, in Contra Costa County. He could be found there and that was the appropriate place for tender of payment in order to discharge the obligation of the debtor. In *Robinson* v. *Order of Railway Employees*, 53 Cal. App. 404 [200 Pac. 87, 88], the court quotes approvingly from 11 Ency. of Pleading & Practice, as follows: " ' Where statutes provide that an insurance company may be sued within the county in which

the cause of action or some part of it arose it is generally held that an action on a policy of life insurance is maintainable in the county where the insured resided and died.' '' (See, also, *McKenzie* v. *Los Angeles Life Ins. Co.*, 96 Cal. App. 386 [274 Pac. 384]; *Haas* v. *Mutual Relief Assn.*, 5 Cal. Unrep. 180 [42 Pac. 237]; Cooley's Briefs on Insurance, vol. 7, p. 6778.)

The order is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 24, 1933.