[Civ. No. 8827. First Appellate District, Division Two.—February 25, 1933.]

SAMUEL S. WASHINGTON, Respondent, v. POLICY HOLDERS LIFE INSURANCE ASSOCIATION (a Corporation), Appellant.

Hugh Martin Young, Charles D. Warner and Thomas W. Hughes for Appellant.

Charles A. Thompson and Robley E. Morgan for Respondent.

SPENCE, Acting P. J. — Plaintiff was the beneficiary under two life insurance policies issued by defendant to Grace May Washington, a resident of Santa Clara County. Following the death of said Grace May Washington, plaintiff filed this action in the Superior Court in Santa Clara County to recover the benefits provided in said policies. At the time of filing a demurrer, defendant made application for a change of place of trial to Los Angeles County, being the county in which defendant had its principal place of business. From the order of the trial court denying said application, defendant appealed.

Following the filing in this court of appellant's brief, respondent made a motion under section 3 of Rule V of the Rules for the Supreme Court and District Courts of Appeal to dismiss the appeal or affirm the order. In our opinion this motion should be granted and the order affirmed, as "the questions on which the decision of the cause depends are so unsubstantial as not to need further argument".

In the complaint respondent alleged, among other things, that deceased died in Santa Clara County and that respondent was at all times a resident of said county. These allegations were not denied in the affidavit filed in support of the application for change of place of trial.

Section 16 of article XII of the Constitution provides: "A corporation or association may be sued in the county where the contract is made or is to be performed, *or where the obligation or liability arises* or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases." (Italics ours.) The place where the deceased died was the place where the cause of action arose or, in other words, was the place where the "obligation or liability" arose within the meaning of said section of the Constitution and the trial

court properly denied the application. (*Robinson* v. *Order of Railway Employees*, 53 Cal. App. 404 [200 Pac. 87].)

The order appealed from is affirmed.

Sturtevant, J., and Goodell, J., *pro tem.*, concurred.