[Civ. No. 1278.   Fourth Appellate District.—May 11, 1934.]

MAUDE M. CLARK, Respondent, v. POLICY-HOLDERS LIFE INSURANCE ASSOCIATION (a Corporation), Appellant.

Charles D. Warner, Thomas W. Hughes and Lawrence E. Drumm for Appellant.

J. A. Chase for Respondent.

BARNARD, P. J.—This is an appeal from an order denying a motion for a change of venue to Los Angeles County in an action filed by the respondent in Tulare County to recover, as beneficiary, under two policies of life insurance issued by the appellant. The appellant's principal place of business is in Los Angeles and the policies were applied for by the respondent's husband and delivered to him in that county on May 16, 1931. At that time the insured was a resident of Los Angeles County, but, at his subsequent request, notices of premiums, assessments and dues were sent by the appellant to him at his address in Visalia, California, from June, 1931, until the time of his death. While he died in Los Angeles on February 25, 1933, he then was and for many months had been a resident of the county of Tulare. The respondent has resided in Visalia since June, 1931.

It is appellant's contention that these contracts of insurance were made and were to be performed in the county of Los Angeles; that the obligation or liability, if any, arose in that county since the insured died there; and that it necessarily follows that the breach of the contracts, if any, occurred in that county.

Article XII, section 16, of the Constitution reads as follows: "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases."

It may be assumed that these contracts were made in Los Angeles County (*Saito* v. *Policy Holders Life Ins. Assn.*, 132 Cal. App. 412 [22 Pac. (2d) 724]), and, further, that the obligation or liability arose there, this being the place where the insured died. (*Washington* v. *Policy Holders Life Ins. Assn.*, 130 Cal. App. 43 [19 Pac. (2d) 516]; *Robinson* v. *Order of Railway Employees*, 53 Cal. App. 404 [200 Pac. 87]; *McKenzie* v. *Los Angeles Life Ins. Co.*, 96 Cal. App. 386 [274 Pac. 384].) It does not follow, however, that an action based thereon must be filed in that county since the

constitutional provision also permits the same to be filed where the breach occurred. The question here presented is as to whether such a breach occurred in Tulare County.

██ The contracts sued on are practically identical and the only provision material here reads as follows: "The Association hereby agrees to pay to Maude M. Clark, wife, the beneficiary hereunder, the sum of Fifteen Hundred Dollars in cash following the receipt of due proof of the death of the member, or Policyholder, in good standing, . . . " The appellant relies upon the case of *Burr* v. *Western States Life Ins. Co.*, 211 Cal. 568 [296 Pac. 273, 277]. In that case, involving the place where payments under a certain insurance policy were to be made, it was held that an express provision in the policy making the ordinary death benefit payable at a designated place sufficiently disclosed the intention of the parties that all payments coming due under the terms of the policy should be paid at the place named. The opinion in that case quotes from 6 Ruling Case Law, page 902, as follows:

"The intention of the parties to a contract as to the place where payments are to be made usually appears by express provision, or necessary inference in the contract itself. In cases where the intention does not thus appear, the general rule is that the debtor must seek his creditor to make payment of his indebtedness . . . While it is a rule of general acceptation that a debtor must seek his creditor to pay his indebtedness, it is always open to the parties to show by the express terms of the contract, or by fair inference therefrom, that it was the intention of the parties to pay at a particular place or within a particular state or country."

In the case now before us, the contract is entirely silent as to the place where payments are to be made and the intention of the parties in this regard does not appear in the contract by express provision or by necessary inference. In such a case we see no reason why the general rule referred to in *Burr* v. *Western States Life Ins. Co., supra,* should not apply. As stated in the dissenting opinion in that case:

"The general rule is stated in 48 Corpus Juris, at pages 592, 593, with an abundance of supporting authorities, as follows: 'As a general rule, in the absence of any agreement or stipulation to the contrary, a debt is payable at the place

where the creditor resides . . . or wherever else he may be found; and it is ordinarily the duty of the debtor to seek the creditor for the purpose of making payment, provided the creditor is within the state of his residence when the payment is .due, unless otherwise provided by statute.' It is not otherwise provided by statute in this state. Moreover, section 1489 of the Civil Code specifically provides that in the absence of an *express* provision to the contrary an offer of performance may be made at the option of the debtor '1. At any place appointed by the creditor; or 2. Wherever the person to whom the offer ought to be made can be found.'' In this case the creditor elected to have the payment at his place of residence, known to the debtor, . . . He could be found there and that was the appropriate place for tender of payment in order to discharge the obligation of the debtor. (24 Cal. Jur., p. 521.) Having failed to make tender of payment at the creditor's place of residence, a breach of the debtor's promise to pay occurred at that place and under section 16 of article XII of the Constitution the defendant could be sued at that place, no other place of payment being stipulated.''

The same general rule was applied in *Bank of Yolo* v. *Sperry Flour Co.,* 141 Cal. 314 [74 Pac. 855, 65 L. R. A. 90].

That this rule should also be applied to payments due under insurance policies which are silent as to the place of payment is in accord with another general rule applying to such contracts, that any uncertainty existing therein is to be construed most strongly in favor of the insured. The very nature of a policy of insurance strongly implies that in the event of a loss within its terms, the amount coming due will be delivered to the beneficiary. The most reasonable inference is that this delivery is to take place where the beneficiary resides or is to be found. Common experience and usual custom are in accord with such a procedure. To assume that the parties to an insurance contract intended a situation directly opposite to that existing in connection with other forms of contract, in the absence of anything in or out of the policy to indicate such an intention, seems to us to be an unwarranted assumption. Such an intention should not be ascribed to the insured and if the insurer had

so intended it would have been a simple matter to so provide in the contract prepared by it.

We conclude that in the absence of any agreement this debt was payable where the creditor resides and may be found, that a breach of the contract occurred in that county, and that the order made is sustained by the facts.

For the reasons given, the order appealed from is affirmed.

Marks, J., and Jennings, J., concurred.