Submitted March 8, petition for writ of mandamus denied
April 20, 1960

STATE OF OREGON ᴇx ʀᴇʟ INDUSTRIAL SUPPLY
COMPANY *v.* GOLDSTEIN ᴇᴛ ᴀʟ

351 P. 2d 39

George Luoma and Yates, Murphy & Carlson, Rose-
burg filed a brief for plaintiff.

James C. Dezendorf, Joseph Larkin, and Koerner, Young, McColloch & Dezendorf, Portland, filed a brief for defendants.

Before McAllister, Chief Justice, and Rossman, Warner, Perry, Sloan, O'Connell and Goodwin, Justices.

GOODWIN, J.

This is a proceeding in mandamus. Relator, Industrial Supply Company, is an Oregon corporation doing business in Douglas County. Industrial Supply Company is the defendant in a contract action now pending in the circuit court for Multnomah County. Defendant here is the circuit judge pro tempore who denied a motion attacking the venue, which had been placed in Multnomah County.

Industrial Supply Company will be referred to herein as Purchaser. A corporation known as Air Reduction Company is the plaintiff in the circuit court and will be referred to as Seller in this opinion.

The question is before us because the Purchaser and Seller each contends that the cause of action arose in a different Oregon county. Seller seeks to recover the purchase price for goods sold and delivered in Multnomah County from Purchaser, which has its principal and only place of business in Douglas County.

When the defendant in a transitory non-tort action is a natural person, ORS 14.080 requires the action to be brought in the county where the defendant resides or is found at the time the action is commenced. In an early case, the defendant was an Oregon corporation, and the action was upon a contract; the court stated

that the defendant could be sued either in the county where the defendant had its principal office or in the county where the cause of action arose. *Holgate v. O. P. R. R. Co.*, 16 Or 123, 17 P 859. The *Holgate case* did not turn on the question of venue but upon the sufficiency of service. The case has, however, been considered authority for the proposition that a domestic corporation may be sued in the county where the cause of action arose, as well as in the county where it "resides", i.e., has its principal office. The parties in the instant case appear to concede that the Holgate *dictum* is the law. See William E. Hurley, Venue in Civil Proceedings in Oregon, 36 OLR 47.

The venue question in the circuit court was presented in the form commonly followed since *Mutzig v. Hope*, 176 Or 368, 158 P2d 110, by a motion to quash the (return of) service.

The Seller commenced the present action in Multnomah County, and served the Purchaser at its office in Roseburg. Oregon corporations must be served as provided by ORS 15.080:

> "The summons shall be served by delivering a copy thereof, together with a copy of the complaint prepared and certified by the plaintiff, his agent or attorney, or by the county clerk, as follows:

> "(1) If the action is against a private corporation, to the president or other head of the corporation, vice-president, secretary, cashier, assistant cashier or managing agent, or, in case none of such officers reside or have an office *in the county where the cause of action arose*, then to any attorney in fact who may have been designated by the corporation to receive and accept such service, or to any clerk or agent of the corporation who may reside or be found in the county, or, if no such officer be found, then by leaving a copy thereof at the resi-

dence or usual place of abode of such clerk or agent." (Emphasis ours.)

■ This court in the *Holgate case* adopted the view that the above statutory reference to the place where the cause of action arose indicated a legislative intent to permit a choice of venue against corporate defendants as distinguished from natural persons.

A transcript of the Seller's evidence given in connection with the motion to quash reveals that the goods sold were appropriated to the contract in Multnomah County and were delivered in Multnomah County either directly to the Purchaser's trucks or to a common carrier and billed by appropriate shipping documents to the Purchaser in Douglas County. Under the Uniform Sales Act, ORS 75.190, title to the goods passed to the Purchaser at the time of delivery and the Seller became a creditor subject to any defenses the Purchaser might have in an action for the price.

The only evidence before us tends to prove that the Seller's principal place of business is in Multnomah County and that the Purchaser's only place of business is in Douglas County. The parties concede that the Purchaser sent from its place of business an order for goods and that delivery of at least a portion of the merchandise was made in Multnomah County. The parties further concede that the Purchaser received goods in Douglas County where its accounting office is situated and where checks are drawn and mailed in settlement of accounts.

In *Sterrett v. Stoddard Lumber Co.*, 150 Or 491, 506, 46 P2d 1023, this court quoted 48 CJ 592, § 8, with approval:

"As a general rule * * * [sic] a debt is payable at the place where the creditor resides, or at his

place of business, if he has one, * * * [sic] and it is ordinarily the duty of the debtor to seek the creditor for the purpose of making payment, * * * [sic]."

A number of cases from other jurisdictions are to like effect. *Clark v. Policy-holders Life Ins. Assn.*, 138 CalApp 505, 32 P2d 653; *Gill v. J. P. Court*, 111 Colo 160, 139 P2d 271; *Producer's Supply, Inc., v. Harz*, 149 Fla 594, 6 So2d 375; *Staples v. Fuel Co.*, 138 WVa 819, 77 SE2d 872; 6 Williston, Contracts (rev ed 1938) 5139. See 92 CJS 682, Venue § 10. Counsel have cited no cases contra, and we have found none.

■ The cause of action is for non-payment. "A failure to perform a legal duty at the time required is equivalent in the present case to an affirmative act." *Helmers v. Anderson,* 156 F2d 47, 52. The non-payment, if any, occurred at the Seller's place of business, and not at the Purchaser's place of business. The Purchaser has a duty to pay, if any money is owed, at the Seller's place of business. The cause of action arose out of an alleged breach of a contractual duty to pay in Multnomah County. Therefore, Multnomah County is the county in which the cause of action arose.

■ Whether corporations ought to be treated differently than partnerships and sole proprietorships in routine commercial litigation is a question for the legislature. This court repeatedly has approved the construction first given the present ORS 15.080 in 1888, *Holgate v. O. P. R. R. Co.*, supra, and the legislature has not seen fit to eliminate this exception to the usual requirement that a defendant in a contract action be sued where the defendant resides or has its principal office. See cases collected in *State ex rel Willamette Lbr. Co. v. Cir. Ct., Mult. Co.*, 187 Or 591, 601, 211 P2d

994. Accordingly, we hold that an unpaid seller may bring an action for the price in the county where the debt is payable against a domestic corporation having its principal place of business in another county under the facts here presented. The circuit court correctly denied the relief sought by the motion to quash.

Petition denied, with costs and disbursements to be borne by the relator.