Argued December 2, 1974, reversed and remanded January 7, 1975

LENT, *Appellant, v.* TOWERY ET UX, *Respondents.*

530 P2d 77

*Richard E. Kingsley*, of Morley, Thomas, Orona & Kingsley, Lebanon, argued the cause and filed a brief for appellant.

*Arthur B. Cummins, Jr.*, of Rhoten, Rhoten & Speerstra, Salem, argued the cause and filed a brief for respondents.

Before McALLISTER, Presiding Justice, and HOLMAN, TONGUE, HOWELL and BRYSON, Justices, and SLOPER, Justice pro tempore.

McALLISTER, J.

This is a suit for the strict foreclosure of a land sale contract in which the court found in favor of de-

fendants Towery. The other defendants made no appearance. Plaintiff appeals.

By a contract dated July 31, 1972 the plaintiff Maggie E. Lent, as vendor, agreed to sell to Marion and Jessie Towery, husband and wife, as purchasers, a 20-acre tract near Jefferson in Linn County on which plaintiff's home was situated. The contract provided that plaintiff could occupy her home on the property as long as she desired at no cost to her.

The purchase price was $20,000 of which $1,000 was paid when the contract was executed. The contract required a payment of $2,000, including accrued interest, on October 1, 1972 and a payment of $1,800, including accrued interest, on October 1, 1973 and a like payment on or before October 1 of each year thereafter until the purchase price was paid in full.

The October 1, 1972 instalment of $2,000 was not paid when due and was paid only after plaintiff on October 6, 1972 wrote defendants a letter demanding payment. After the receipt of that letter the defendants paid the $2,000 instalment, but there is a conflict in the testimony as to when the payment was made.

The defendants did not pay the instalment due on October 1, 1973. The defendant Marion Towery testified that on October 1, 1973 he and his wife called at plaintiff's home to give her a check, but plaintiff was not at home. He testified that he returned at about four o'clock in the afternoon on the same day and again at about four o'clock in the afternoon of the following day, but that plaintiff was not at home on either visit. The defendants made no further attempt to pay the 1973 instalment until after this suit was filed.

The complaint in this suit was filed on October 24,

1973 and a summons was served on both defendants on November 2, 1973.

This case presents the following three issues:

1. Whether the phrase in the contract "including accrued interest" required the defendants to pay the accrued interest in addition to the instalment payments.

2. Whether the acceptance by plaintiff of the October 1, 1972 instalment after the date it was due waived the time-essence clause of the contract.

3. Whether the defendants made a legal tender of the October 1, 1973 instalment before this suit was filed.

■ As to the first issue, we hold that the phrase "including accrued interest" did not require defendants to pay the accrued interest in addition to the instalment payment. Although "including", like the verb "include", has different meanings, depending on its use,[1] we think, as used in the contract of sale involved here, it was used in the same sense as "inclusive of" and was not used as a term of enlargement to mean "also" or "as well as". See 42 CJS 526-527. As a result, the instalment payments would be applied first to the interest accrued to the date of the payment and the balance on the principal.

■■ As to the second issue, we hold that the acceptance of the first instalment after the date it was due did not waive the time-essence clause of the contract.

As a general rule the mere acceptance by the vendor of one instalment of the purchase price after it is due does not amount to a waiver of the right to de-

---

[1] Premier Products Co. v. Cameron, 240 Or 123, 125, 400 P2d 227 (1965).

clare a forfeiture upon the default of the purchaser in paying a subsequent instalment. See *Gray v. Pelton,* 67 Or 239, 244, 135 P 755 (1913), where it is said in dictum: "While a waiver of a default in one payment would not operate as a waiver of a subsequent failure, the court should consider all the circumstances and the conduct of the parties in their dealings and treatment of the contract." See, also, *Bowers v. Bennett,* 30 Ida 188, 164 P 93 (1917); *Kliesen v. Equity Exchange & Mercantile Ass'n,* 101 Kan 138, 165 P 650 (1917); *True v. Northern Pac. Ry. Co.,* 126 Minn 72, 147 NW 948, 950 (1914); *Rayburn v. Atkinson,* 206 SW2d 512, 516 (Mo, 1947); *Lent v. B. & M. R.,* 11 Neb 201, 8 NW 431 (1881); *Melfi v. Goodman,* 73 NM 320, 388 P2d 50, 54 (1963); *Cash v. Meisenheimer,* 53 Wash 576, 102 P 429, 431 (1909); II Warvelle on Vendors 961 (2d ed, 1902); Annotation, 107 ALR 345, 367, Waiver of Forfeiture of Land Contract; Annotation, 9 ALR 996, 1001, Vendor and Purchaser—Time—Waiver. Plaintiff's conduct in writing defendants a demand letter six days after payment was due indicates an intent to require prompt performance rather than any disposition to waive punctual payment of the instalments.

As to the third issue, we hold that the defendants did not make a valid tender of the October 1, 1973 instalment before this suit was filed. In *Sterrett v. Stoddard Lbr. Co.,* 150 Or 491, 506, 46 P2d 1023 (1935), this court quoted with approval from 48 CJ 592, Payment § 8, as follows:

"'As a general rule * * * a debt is payable at the place where the creditor resides, or at his place of business, if he has one, * * * and it is ordinarily the duty of the debtor to seek the creditor for the purpose of making payment, * * *.'"

The same statement was again quoted with approval in *State ex rel Ind. Sup. Co. v. Goldstein et al,* 221 Or 309, 312-313, 351 P2d 39 (1960).

The same general rule is now stated in 70 CJS 217, Payment § 6, as follows:

> "As a general rule, in the absence of any agreement or stipulation to the contrary, a debt is payable at the place where the creditor resides, or at his place of business, if he has one, or wherever else he may be found; and ordinarily it is the duty of the debtor to seek the creditor for the purpose of making payment, provided the creditor is within the state of his residence when the payment is due, unless provided otherwise by statute. * * *"

To the same effect, see: *Berley & Kyzer v. Columbia, N & L. R. Co.,* 82 SC 232, 64 SE 397 (1909); *Konig v. Associated Almond Growers of Paso Robles,* 37 Cal App 2d 360, 99 P2d 678, 681 (1940); Simpson on Contracts 427 (2d ed, 1965).

In this case the defendants admittedly made no effort to find the plaintiff from October 2, 1973 until after this suit was filed on October 24, 1973. We think the general rule, as quoted above, requires the debtor to use reasonable diligence to locate and tender to the creditor payment of the amount due. *Baucum v. Great American Insurance Co. of New York,* 370 SW2d 863 (Texas, 1963).

The plaintiff testified that she was away from home on a short visit about the first of October, 1973, but that she was back at home by October 4 and this evidence was not contradicted. Defendant Marion Towery testified that he and his wife lived in Jefferson, that he had known Mrs. Lent for some years, and that the ·20-acre tract which the Towerys were purchasing from

her adjoined a 200-acre farm owned by the Towerys. Towery further testified that he was acquainted with one of plaintiff's daughters who resided about three miles from the Towery farm and also was acquainted with the husband of another of Mrs. Lent's daughters who had worked for Towery. We think it is reasonable to infer from these circumstances that the Towerys, by the exercise of reasonable diligence, could have learned of the whereabouts of Mrs. Lent and tendered payment to her long before this suit was filed.

Towery further testified that he knew the mailing address of plaintiff and it is obvious that he could have mailed a check to Mrs. Lent in payment of the 1973 instalment, which, if not objected to by plaintiff, would have been a sufficient tender under ORS 81.010 to 81.-030. Since it is clearly apparent that the Towerys could have, by the exercise of diligence, discovered the whereabouts of plaintiff and tendered payment to her, they were in default when this suit was filed.

■ Since defendants were in default when this suit was filed and plaintiff had not waived the time-essence provision of the contract, plaintiff is entitled to foreclose the contract either by strict foreclosure or a sale of the property as the trial court shall determine. *Blondell v. Beam,* 243 Or 293, 413 P2d 397 (1966); *Kincaid v. Fitzwater,* 257 Or 170, 474 P2d 742, 477 P2d 712 (1970).

The case is reversed and remanded to the trial court for further proceedings consistent with this opinion.