Argued and submitted January 3, alternative writ of mandamus dismissed
February 14, 2008

Launa HOWELL,
Rodney Howell, and Jacob L. Howell,
Co-Personal Representatives for
the Estate of Cody W. Howell,
*Plaintiffs-Relators,*

*v.*

WILLAMETTE UROLOGY, P.C.,
and David Elmgren, M.D.,
*Defendants-Adverse Parties.*

(CC 0701-01084; SC S055099)

178 P3d 220

Kathryn H. Clarke, Portland, argued the cause and filed the brief for Plaintiffs-Relators. With her on the brief was Tina Stupasky, Eugene.

Lindsey H. Hughes, of Keating Jones Hughes, P.C., Portland, argued the cause and filed the brief for Defendants-Adverse Parties. With her on the brief was Peter O. Tuenge.

GILLETTE, J.

## GILLETTE, J.

This mandamus proceeding arises out of a dispute over the proper venue for a wrongful death action. Venue for a wrongful death action is governed by ORS 14.080, which provides, in part:

> "(1)  All other actions [including actions for wrongful death] shall be commenced in the county in which the defendants, or one of them, reside at the commencement of the action or in the county where the cause of action[1] arose. A party resident of more than one county shall be deemed a resident of each such county. If none of the defendants reside in this state the action may be commenced in any county.

> "(2)  For purposes of this section, a corporation incorporated under the laws of this state, a limited partnership or a foreign corporation authorized to do business in this state shall be deemed to be a resident of any county where the corporation or limited partnership conducts regular, sustained business activity or has an office for the transaction of business * * *."

The parties' dispute in the case arises because the negligence that allegedly caused decedent's death occurred in one county, but decedent died in another county. The resolution of that dispute lies in the proper interpretation of the phrase, "in the county where the cause of action arose," in subsection (1) of ORS 14.080. The trial court concluded that the relevant county for purposes of that phrase was the county where the negligence that caused decedent's death allegedly occurred. As we shall explain, we also conclude that the "county where the cause of action [for wrongful death] arose" is the county in which the negligence that caused the wrongful death occurred. Accordingly, we dismiss the alternative writ of mandamus issued in this case.

There is no disagreement between the parties as to the pertinent facts. The parties agree that the alleged negligence that caused the death of the decedent occurred in Marion County. The parties also agree that the defendants to the wrongful death action, a physician and the professional

---

[1] Or, as we presently call it, the "claim."

corporation that employed him, reside only in Marion County. Finally, the parties agree that the decedent died in Multnomah County.

Plaintiffs initiated their claim by filing their cause of action in Multnomah County. Defendants responded by moving for a change of venue to Marion County on two grounds: (1) Marion County, not Multnomah County, is the proper venue, and (2) Marion County is a more convenient county in which to try the case than is Multnomah County. *See* ORS 14.110(1)(a) (allowing trial court to change venue when the action has not been commenced in proper county); ORS 14.110(1)(c) (allowing trial court to change venue when another county would be more convenient place for trial for witnesses and the parties). The trial court granted the motion on the former ground (proper venue) and denied it on the latter ground (convenience). Plaintiffs then petitioned this court for an alternative writ of mandamus ordering the trial court either to vacate its order changing venue to Marion County or to show cause for not doing so. *See Mack Trucks, Inc. v. Taylor*, 227 Or 376, 382, 362 P2d 364 (1961) (mandamus appropriate remedy for venue issues). This court allowed the petition and issued the alternative writ of mandamus; the trial court declined to change its ruling. The matter is now before us for decision.

█  Because both defendants reside in Marion County, the only way that venue properly can be placed in Multnomah County under ORS 14.080(1) is if plaintiffs' "cause of action arose" in Multnomah County. ORS 30.020 defines the relevant cause of action, wrongful death. It states, in part:

> "When the death of a person is caused by the wrongful act or omission of another, the personal representative of the decedent * * * may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived, against the wrongdoer for an injury done by the same act or omission."

Plaintiffs assert that what makes a wrongful death action unique is the nature of the ultimate harm: death. And, they reason, because ORS 30.020 is inoperative until the decedent's death, that death is the triggering event, and the place where that death occurred therefore is the place where the

claim arose. Defendants respond that, properly read, ORS 14.080(1) focuses not on the ultimate outcome of a wrongdoer's acts (here, death) but, instead, on the wrongful conduct itself. Put slightly differently, defendants are arguing that decedent's death, standing alone, is no occasion for judicial relief. Instead, in defendants' view, it is the injurious act or acts with which the statute is concerned, *i.e.*, the injurious act or acts for which "the decedent might have maintained an action, had the decedent lived," that place venue in Marion County.[2]

The case is one of first impression, and involves statutory interpretation. Following our familiar paradigm, we focus first on the wording of the pertinent statutes, considering the statutory text in the context in which it is found. We therefore turn to the text of ORS 14.080(1) and, in particular, to the statute's use of the word "arose" (which is, of course, simply the past tense of the verb "arise").

We do not require the assistance of a dictionary here. "Arise," as lawyers understand, means to come into being so that a legal consequence—here, an action at law—may commence. It is, in that sense, the equivalent of an equally familiar concept, "accrue." Unfortunately, that understanding does not complete our inquiry. The true struggle in this case is over *what it is* that must arise. That is, plaintiffs assert that what "arose" was decedent's death. Defendants, on the other hand, assert that what must have arisen, in order for a wrongful death action to be maintained, was injurious conduct for which the decedent, had he lived, could have maintained an action. Both readings of the statute are defensible when the words in question are read in isolation; nothing in the ordinary understanding of "arise" helps us select the correct one.

Context, however, does help. First, the description of a wrongful death action in ORS 30.020(1) describes that claim as one that "the decedent might have maintained * * *, had the decedent lived, against the wrongdoer for an injury

---

[2] The place where a claim arises may vary, depending on the specific claim at issue. As our rephrasing of the defendants' argument demonstrates, our focus here is on where a wrongful death action arises.

done by the same act or omission [that is, the alleged negligence or other wrong that is the basis of the wrongful death action]." In other words, the action is one that might have been maintained by the decedent at a date earlier than the date of decedent's death. Indeed, the purpose of a wrongful death action is to remove death as a bar to bringing the claim, not to make death the central event of the action. That reading of the statutory wording is confirmed by a later sentence in the same section, which provides that such an action "shall be commenced within three years after *the injury* causing the death of the decedent *is discovered or reasonably should have been discovered by the decedent*, by the personal representative or by a person for whose benefit the [wrongful death] action may be brought under this section * * *." (Emphasis added.) The section goes on to provide that, with respect to claims like the present one that are grounded in professional negligence, *"[i]n no case"* shall the wrongful death action be commenced later than "[t]hree years after the death of the decedent." ORS 30.020(1)(a). (Emphasis added.)

Those contextual clues all point in the same direction. First, they recognize that the claim may come into existence (*i.e.*, may "arise") while the decedent is still alive, as long as the decedent discovers or in the exercise of reasonable care should discover the fact of the wrongful conduct and resulting harm to the decedent. *See also* ORS 30.075 (recognizing that action may have been instituted by decedent before he or she died, and providing that death does not abate the action, which in such circumstances may be "continued by the personal representative." And, if an action for harm caused to the decedent could have been commenced before the decedent died—as the statute recognizes that it could— then the place where the decedent ultimately might die would be irrelevant: The decedent would not be dead yet, and no wrongful death action concerning the wrongs that the decedent had suffered would even be possible. It follows that *"the* county where the cause of action arose" (emphasis added) necessarily would be determined in wrongful death cases by reference to the place where the decedent might have brought the action while still alive, not by reference to the place where the decedent died. And, because the authorization to bring the wrongful death action places venue in the

county where the claim arose, it also follows that that county has to be the place where the harm was done. That means that, in this case, venue could not have been in Multnomah County, because that county's only arguable relationship to the case did not come into existence until decedent died there.[3] Plaintiff's arguments to the contrary are not well taken.

We note, in passing, that cases discussing issues analogous to the present one, although not on point, support the foregoing conclusion. *See, e.g., State ex rel Kleinsorge et al v. Reid*, 221 Or 558, 560, 352 P2d 466 (1960) (action against public officers for personal injury sustained in swimming pool at Oregon State College; action therefore "arose" under ORS 14.050 in Benton County, where college was located); *State ex rel Ind. Sup. Co. v. Goldstein et al*, 221 Or 309, 311, 351 P2d 39 (1960) (action against domestic corporation buyer for price of goods sold and delivered; buyer could be sued under ORS 15.080 in county in which claim "arose," as well as in county in which buyer had its principal place of business).

■     We hold that, based on the wording of the statute in question, venue for the purposes of a wrongful death action lies either in the county where at least one of the defendants resides or in the county in which the wrongful act or acts that ultimately resulted in decedent's death occurred. In the present case, that means that the proper venue for plaintiffs' cause of action was in Marion County, as the trial court ruled.

The alternative writ of mandamus is dismissed.

---

[3] Logic points in the same direction. The county where the injurious acts occurred ordinarily will also be one in which many witnesses may be expected to reside, and where at least one defendant may reside. On the other hand, the place where the decedent died may be the result of happenstance. The legislature thus would have little reason to place venue in the county where the decedent happened to die.