[Sac. No. 145.    Department Two.—May 20, 1897.]

JOHN H. BOWERS ET AL., RESPONDENTS, *v.* THE MODOC LAND AND LIVE STOCK COMPANY, APPELLANT.

ACTION AGAINST CORPORATION—CHANGE OF VENUE—VERIFIED COMPLAINT —CONFLICTING AFFIDAVITS.—Where the verified complaint in an action against a corporation alleged a contract with the corporation made and payable in the county in which the action was brought, and affidavits in conflict with the complaint were presented upon motion for change of the place of trial to the county where the corporation had its principal place of business, the verified complaint raises a sufficient conflict to support an order denying the motion, and where counter-affidavits were also read in support of the complaint, the decision cannot be disturbed.

APPEAL from an order of the Superior Court of Modoc County denying a change of venue. C. L. CLAFLIN, Judge.

The facts are stated in the opinion.

*Spencer & Raker,* and *Clarence A. Raker,* for Appellant.

The facts alleged in the complaint are not conclusive on a motion for a change of venue, but may be inquired into. (*History Co.* v. *Light,* 97 Cal. 56; *Case* v. *Sun Ins. Co.,* 83 Cal. 473; Const., art. XII, sec. 16.) The court erred in allowing the plaintiffs to introduce affidavits against the defendant's objections upon the motion for a change of venue. (*Cook* v. *Pendergast,* 61 Cal. 72; *Heald* v. *Hendy,* 65 Cal. 321; *McSherry* v. *Pennsylvania etc. Co.,* 97 Cal. 637.)

*H. L. Spargur, G. F. Harris,* and *D. W. Jenks,* for Respondents.

So far as the affidavits on behalf of the defendant

contradict the allegations of the complaint or the affidavits on behalf of the plaintiffs, they simply raise a substantial conflict in the testimony, and the finding of the superior court, according to a well-established rule, will not be disturbed. (*Hastings* v. *Keller*, 69 Cal. 606; *Daniels* v. *Church*, 96 Cal. 13; *Lake Shore Cattle Co.* v. *Modoc Land etc. Co.*, 108 Cal. 261.)

BELCHER, C.—This action was commenced in the superior court of Modoc county to recover the sum of four hundred and twenty-five dollars, alleged to be the balance due and unpaid for thirty head of cattle sold and delivered by plaintiffs to defendant on or about November 7, 1892, at the agreed price of twenty-two dollars and fifty cents per head. The complaint, which was verified, alleged that defendant paid to plaintiffs on account of said purchase price the sum of two hundred and fifty dollars at the time of the sale and delivery of said cattle, and agreed to pay the balance thereof, four hundred and twenty-five dollars, on or about April 1, 1893. It also alleged " that the aforesaid sale of said cattle was made and the obligation from the defendant to plaintiffs hereinbefore set out arose and is payable within the county of Modoc, state of California."

After being served with summons defendant appeared and filed a demurrer to the complaint, an affidavit of merits, and a demand in writing that the place of trial of the action be changed to the city and county of San Francisco. The demand was based upon the grounds: That for many years prior to the commencement of the action defendant's principal place of business was, and ever since had been, situated in the city and county of San Francisco; that no sale of cattle, as alleged in the complaint, was ever made by plaintiffs to defendant in Modoc county or elsewhere; and that no obligation on the part of defendant to pay plaintiffs for cattle sold ever arose or was payable in Modoc county or elsewhere. The notice served and filed stated that the motion would be " based and heard on affidavits and oral and doc-

umentary evidence to be introduced at the hearing thereof, and on the records and files in said above-entitled court and cause."

The motion was subsequently heard and denied, and from the order entered this appeal is prosecuted.

The defendant was organized as a corporation under the laws of this state in 1886, and its articles of incorporation stated that the purposes for which it was formed were " the dealing in, buying and selling, management and disposition of land and live stock and everything pertaining thereto in all respects," and also named the city and county of San Francisco as its principal place of business.

Section 16 of article XII of the constitution, provides: " A corporation or association may be sued in the county ... ntract is made or is to be performed, or ... igation or liability arises or the breach oc- ... e county where the principal place of busi- ... corporation is situated, subject to the power ... rt to change the place of trial as in other

... ion was properly brought in Modoc county if the averments in the complaint as to the facts constituting the alleged cause of action were true. The defendant, however, without filing any answer or raising any issue of fact as to these averments, sought at the hearing to prove by affidavits that they were not true, and that plaintiffs had no cause of action whatever against it; and hence it was claimed then, and is claimed here, that the place of trial should be changed.

*Lakeshore Cattle Co.* v. *Modoc Land etc. Co.*, 108 Cal. 261, was a case very similar to this. The action was commenced in Modoc county, and the facts alleged in the complaint showed that the obligation of the defendant to the plaintiff arose in that county. The defendant moved the court to change the place of trial to San Francisco, and at the hearing of the motion attempted to controvert the averments of the complaint by the affidavit of one Bayley, its president. The court said:

" Without determining whether a court would be authorized in any case to determine that the affidavits presented to it upon a motion of this nature were sufficient to overcome the allegations of the complaint, or to permit these allegations to be determined by affidavits, it is sufficient to say that there is a direct conflict between the affidavit of Bayley and the complaint in the present action, and that we cannot set aside the decision of the court thereon."

So here it is enough to say that upon the hearing of the motion in this case there was not only a direct conflict between the affidavits read by defendant and the complaint, but counter-affidavits were introduced and read by plaintiffs which supported the averments of the complaint and were in direct conflict with the affidavits of defendant.

Under these circumstances the decision of the court cannot be disturbed, and we therefore advise that the order be affirmed.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.