[Sac. No. 392.    Department Two.—December 13, 1898.]

THOMAS BROWN, Respondent, v. SAN FRANCISCO SAV-
INGS UNION, Appellant.

ACTION AGAINST CORPORATION—CONTRACT FOR SALE OF LAND—PLACE OF
TRIAL—CONFLICTING AFFIVAVITS—SUPPORT OF ORDER.—In an action
against a corporation upon a contract for the sale of land sit-
uated in the county where the suit was brought, upon motion
of the defendant to change the place of trial to the county in
which it has its principal place of business, if the affidavits are
conflicting as to whether the contract sued upon was made in
the county in which the suit was brought, an order of the
court denying the motion will not be disturbed upon appeal.

APPEAL from an order of the Superior Court of Glenn
County, refusing to change the place of trial.    Frank Moody,
Judge.

The facts are stated in the opinion.

H. C. Campbell, and Seth Millington, for Appellant.

Ben. F. Geis, for Respondent.

BELCHER, C.—This action was commenced in the superior
court of Glenn county to recover damages for the alleged breach
of an agreement, entered into between the parties, giving the
plaintiff an option to purchase certain lands in that county be-
tween certain dates at a stated price.

It is alleged in the complaint that the defendant is a corpora-
tion organized and existing under the laws of this state as a bank-
ing corporation, and at all the times mentioned in the complaint
was, and now is, "doing a general banking business in the said
state of California, and in the county of Glenn thereof," and that
"on or about the twenty-first day of April, 1896, the above
plaintiff and defendant, at and in the said county of Glenn, Cal-
ifornia, made and entered into" the said agreement.

The answer admits that defendant is a corporation organized
under the laws of this state, and alleges that it was and is incor-
porated under the act of the legislature entitled, "An act to pro-
vide for the formation of corporations for the accumulation and

investment of funds and savings," approved April 11, 1862, and the acts amendatory thereof and supplementary thereto; and that since its organization and incorporation it has done business as a savings bank corporation according to the provisions of said acts, and not otherwise.

"Denies that at the times in the complaint mentioned, or at any time, defendant was, or at any time has been, or is, doing a general banking business in the county of Glenn, or elsewhere, in the state of California; and denies that it has ever done any business whatever in the said county of Glenn.

"Alleges that continuously since the date of its organization its office and principal place of business has been, and is, in the city and county of San Francisco, said state; that all of its business has been, and is, transacted at said office and place of business, and that it has never had any other office or place of business.

"Admits that on or about the twenty-first day of April, 1896, plaintiff and defendant entered into an agreement of option, etc., but denies that such, or any, agreement was made or entered into at said county of Glenn, or elsewhere than said city and county of San Francisco."

The answer then sets up facts which if true would constitute a defense to the action. The complaint and answer were both duly verified.

At the time it appeared and answered defendant filed an affidavit of merits and a demand in writing that the place of trial be changed to the city and county of San Francisco.

The motion was subsequently heard and denied, and from that order the defendant appeals.

Section 16 of article XII of the constitution provides: "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases."

Under these provisions of the constitution the question submitted to the court below for decision was, Where was the agreement in controversy made, or to be performed? And it is clear

that, if the averments of the complaint were true, the action was properly brought in the county of Glenn, and, if not, defendant's motion should have been granted.

At the hearing affidavits were read by both sides. Those read on behalf of defendant were made by Albert Miller, president, and Lovell White, cashier and secretary, of the defendant. They stated clearly and positively that defendant was incorporated to do business as a savings bank, and had always had its office and principal place of business in the city and county of San Francisco, as stated in its answer; that it never had any office or place of business in the county of Glenn, or transacted any business in that county; that plaintiff came to defendant's office and place of business in San Francisco and there personally conducted the negotiations with the officers of defendant that led to the execution of said option agreement, which consisted only of letters written by the cashier of defendant to plaintiff; and that said agreement was to be and could be performed by defendant, if at all, only at its said place of business in San Francisco.

The affidavits read on behalf of the plaintiff were made by Thomas Brown, plaintiff, and one David Brown. They reaffirm the averments of the complaint and say "that the facts are that the said plaintiff and defendant at and in the county of Glenn, state of California, made and entered into the agreement set out in plaintiff's verified complaint," and that all the statements contained in the answer and affidavits of defendant "denying that the contract was made in the county of Glenn, and that defendant never transacted any business in the said Glenn county, and the statements that the contract was made in the city and county of San Francisco, are absolutely false and untrue, the fact being that the contract of option sued upon was made and entered into at and in the said county of Glenn, state of California."

In view of these conflicting affidavits and the decisions of this court in similar cases, we do not think the action of the court below can be disturbed. (*Lakeshore etc. Co. v. Modoc etc. Co.*, 108 Cal. 261; *Bowers v. Modoc Land etc. Co.*, 117 Cal. 50.)

We advise that the order appealed from be affirmed.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFarland, J., Henshaw, J., Temple, J.