L. T. GREENLAND, Plaintiff, v. HON. H. H. CARTER et al., Defendants.

MICHAEL McGRAW, Appellee, v. H. G. GREENLAND, Defendant; L. T. GREENLAND, Appellant.

Nos. 42633, 42721.

FEBRUARY 5, 1935.

O. M. Slaymaker, R. E. Killmar, and Don D. Slaymaker, for petitioner and appellant.

E. F. McEniry, for respondents and appellee.

DONEGAN, J.—In December, 1933, one Michael McGraw, as plaintiff, instituted an action in the district court of Union county, Iowa, against H. G. Greenland and L. T. Greenland, as defendants. In his petition the plaintiff alleged:

"That on February 21st, 1931, for a good and valuable consideration, the defendants made, executed and delivered to the plaintiff their one promissory note in writing, in words and figures, as follows, to wit:

$974.74                                     Creston, Iowa, Feb. 21, 1931.

"On or before the 21st day of August, 1931, I, we, or either of us, for value received, promise to pay to Michael McGraw or order, Nine Hundred Seventy-four and 74/100 Dollars at The First National Bank in Creston, Creston, Iowa, with interest at six per cent per annum, payable semi-annually from maturity until paid. * * *
                                          "H. G. and L. T. Greenland."

Plaintiff asks for judgment against the defendants in the sum of $974.74, with costs and attorney's fees. To this petition the defendant L. T. Greenland filed a motion consisting of three parts or motions. The first part moved the court to strike the cause of action pleaded against L. T. Greenland or H. G. Greenland, for the reason that there was a misjoinder of parties and causes. The second part of such motion asked that, subject to the ruling on the motion to strike, the court transfer the cause of action to the district court of Decatur county for trial; and the third part of the motion asked that, subject to the ruling on the foregoing motions, the court strike from plaintiff's petition the cause of action plead against L. T. Greenland, for the reason that he is not suable in Union county, Iowa. Each separate part or division of the motion referred for support to affidavits attached. The affidavit of L. T. Greenland attached to the motion alleged that he was 63 years of age; that during his entire life he was a resident of Decatur county, Iowa; that he never was a resident of Union county, Iowa, and never had any office, agency, or place of business therein; that he never agreed that any action be brought against him in Union county, Iowa; that he never signed the note sued on or authorized any one else to sign said note for him; that he never ratified, confirmed, or approved said note, and never did anything that makes him liable thereon;

that his signature on said note was unauthorized, was made without his knowledge, consent, or authority, and that he is not liable thereon. The above motion was overruled as to all its parts by H. H. Carter, judge of the district court. L. T. Greenland thereupon filed his petition in this court which, after alleging the facts substantially as above set forth, further alleged that the said district court acted illegally in overruling said motion, and asked that a writ of certiorari issue from this court to said H. H. Carter, judge, and to Michael McGraw, the plaintiff in said action, requiring them to certify the record and proceedings in reference to said motion in the district court, and that the ruling on said motion made by the district court of Union county be annulled and set aside. L. T. Greenland also appealed to this court from the order of the district court overruling his said motion. The certiorari action and the appeal have been combined and argued to this court together. It is stated by L. T. Greenland, the petitioner in the certiorari action and appellant in the appeal, that such appeal was taken merely as a matter of precaution. For convenience, L. T. Greenland will be referred to hereafter as the petitioner.

The only question involved in this certiorari action and in the appeal is the correctness of the trial court's ruling on the motion of L. T. Greenland. As above stated, such motion consisted of three parts.

█ As to the first part of said motion, which asks that the court strike the cause of action plead against L. T. Greenland or H. G. Greenland, for the reason that there was a misjoinder of parties and causes of action, the cases cited by the petitioner have no application. The petition filed in the district court clearly indicated that the cause of action alleged was upon a promissory note which it stated was made, executed, and delivered by the defendants. We find no merit whatever in this portion of the petitioner's and appellant's motion.

█ The second part of said motion asked that the district court transfer the cause to the district court of Decatur county, for the reasons set out in the affidavit. As above stated, the affidavit denies that L. T. Greenland ever had a residence or kept any office or place of business in Union county, or that he ever signed or authorized any one to sign the note in question, or that he was or is in any way liable for any part of the note sued on. Petitioner claims that under this showing it was the duty of the district court

to sustain the motion and enter an order transferring the action against him to the county of his residence.

Section 11038 provides that:

"Except as hereinafter provided, an action against a resident of this state must be brought in the county of his residence. * * * *"

Section 11040 provides that:

"When, by its terms, a written contract is to be performed in any particular place, action for a breach thereof may, except as otherwise provided, be brought in the county wherein such place is situated."

Section 11038 clearly indicates that there are exceptions to the rule therein laid down, and section 11040 clearly indicates one of such exceptions. The note sued upon in this case by its express terms states that it is payable at "The First National Bank in Creston, Creston, Iowa," which is in Union county.

The statements of the affidavit as to petitioner's residence, and that he never had an office or place of business in Union county, did not obviate the provision of section 11040, that an action on a written contract which, by its terms, is to be performed in a particular place, may be brought in the county where such place is situated. The further statements of the affidavit to the effect that the petitioner never signed the note and never authorized any other person to sign it for him, and that he never ratified, confirmed, or approved the note, or did anything to make him liable thereon, are not such matters as may be determined by the court on a motion to change the place of trial, in the face of the clear provisions of the written contract sued upon. These are plainly defensive matters and are such as can be determined only upon the trial of the case upon its merits. It may be that upon such trial the plaintiff in the action in the district court will be unable to present evidence that L. T. Greenland ever signed the note in question, or consented that his signature be placed thereon, or did anything that would make him liable thereon. On the other hand, the plaintiff may present sufficient evidence on the trial of the case to make a question for the jury. The plaintiff has a right to have these questions determined in the regular way by a trial to a jury, and cannot be compelled to have them disposed of summarily upon a motion to change the place of trial.

█ Petitioner contends that, under Code, section 11218, his affidavit denying the genuineness of his signature on the note sued upon placed the burden of proving such genuineness upon the plaintiff in the action in the district court, and that, until evidence that such signature was genuine was presented, there could be no liability on said note and no suit could be maintained on it. Section 11218 of the Code is as follows:

"When a written instrument is referred to in a pleading, and the same or a copy thereof is incorporated in or attached to such pleading, the signature thereto, and to any indorsement thereon, shall be deemed genuine and admitted, unless the person whose signature the same purports to be shall, in a pleading or writing filed within the time allowed for pleading, deny under oath the genuineness of such signature."

This section appears in the chapter of the Code covering the matter of pleadings, and not in the chapter having to do with the place of bringing actions. Its effect is to remove the presumption as to the genuineness of a signature to a written instrument, and to place upon the party claiming under such instrument the burden of proving such genuineness. The question as to the genuineness of such signature is still an issue, even when such signature is denied under oath by the party whose signature it purports to be. This issue necessarily involves the very merits of the case, and, as already said, the plaintiff cannot be deprived of his right to have such issue tried to a jury and be compelled to have it summarily disposed of upon a motion for change of the place of trial.

█ Petitioner further contends that the copy of the note set out in the plaintiff's petition in the district court does not purport to contain a copy of his signature. The copy of the signature attached to the note is "H. G. & L. T. Greenland", and petitioner alleges that such a signature, even if attached to the note, is not sufficient to charge him with liability thereon. In 58 C. J. 721, it is said:

"Instruments are properly signed, although only the initial letter of christian names, with the surname written in full, are used, or last name only, written out in full, or contain only the christian name of the person signing. A signature may be made by the use of initials only, unless it was contemplated that the usual and complete name should be used. Initials alone, if used as a signature,

are as efficacious as a signature as the whole name at length. Signature may be by contraction of the real name. Signature may be sufficient where the title of the signer is abbreviated."

The petition in the district court made both H. G. and L. T. Greenland defendants, and it stated that the promissory note in question was made, executed, and delivered by the defendants. In view of the law as to what may constitute a signature, as stated in the above citation from Corpus Juris, and, in view of the allegations of the petition, we do not think that it can be said that the signature to the copy of the note set out in the petition did not purport to be the signature of L. T. Greenland. Whether the petitioner, by suitable motions, might have required the plaintiff to strike from or to add to said petition, we do not consider, because such question is not before us. It is sufficient to say that, in the view we take of the case, the petition contained a sufficient allegation that the note was executed by L. T. Greenland. What we have said in regard to the second part of petitioner's motion is also applicable to the third part of said motion.

In our opinion, the district court did not act illegally and did not err in overruling the petitioner's motion, filed by him as defendant in the district court. As we have reached our decision on the merits of the issue presented, all motions of all parties filed before final hearing and submission are overruled.

For the reasons set out in the opinion, the writ of certiorari heretofore issued is hereby annulled, and the ruling of the district court on the motion of the defendant L. T. Greenland, in the case in the district court, is hereby affirmed.—Writ annulled, and affirmed on appeal.

ANDERSON, C. J., and ALBERT, KINTZINGER, PARSONS, and RICHARDS, JJ., concur.