[Civ. No. 13024.   First Dist., Div. One.   June 5, 1946.]

G. H. BLOOM, Respondent, v. WILLIAM L. CARPENTER, et al., Appellants.

William L. Carpenter, in pro. per., for Appellants.

Leonard J. Bloom and Phillip A. Kennedy for Respondent.

WARD, J.—This appeal was taken by defendant in propria persona from an order of the Superior Court of the City and County of San Francisco denying a motion for a change of venue to the county of defendant's residence, Los Angeles county.

The complaint is in two counts. The allegations in the first count pertinent to the propriety of the order denying the motion are that "II. At all times herein mentioned, defendants were and now are a common carrier transporting property for hire by motor vehicles between the cities of San Francisco, California, and Glencullen, Oregon. III. At all times herein mentioned, plaintiff was the owner of certain household furniture, furnishings and equipment of the reasonable value of $2,250.00. IV. On December 26, 1942, plaintiff delivered said furniture, furnishings and equipment to defendants at San Francisco, California, as such carrier, and the same was received by them to be safely carried by them to Glencullen, Oregon and there delivered to plaintiff for a reasonable reward. V. Defendants failed, neglected and refused to deliver to plaintiff said household furniture, furnishings and equipment at Glencullen Oregon, or any other place, and although plaintiff has demanded of defendants the delivery thereof, or its equivalent in money, defendants have ever since failed and neglected to deliver said property or to pay said money."

The second count incorporates paragraphs II, III and IV and alleges that "Defendants did not safely carry and deliver said household furniture, furnishings and equipment; but, on the contrary, so negligently conducted and so misbehaved in regard to the same as such carrier, that the same were wholly destroyed and lost to the plaintiff to his damage in the sum of $2,250.00."

■ The affidavit of merits in support of the motion alleges that defendant is now and for twenty years has been a resident of Los Angeles county; that the place of business of his van and storage company is in the city of Los Angeles, and that he has filed the Los Angeles address with the Interstate Commerce Commission as the proper place "for the service of process and/or orders issued to your affiant by the Interstate Commerce Commission." The affidavit also sets forth that it would be a hardship to go to San Francisco and defend this action. No counteraffidavits were filed. This is not fatal to an application of this type if the complaint shows that the jurisdiction is in the county selected by the plaintiff. The notice of motion specified that the motion would be made on the affidavit and "the papers on file in the case." (*East-West Dairymen's Assn.* v. *Dias,* 59 Cal.App.2d 437 [138 P.2d 772]; *Connell* v. *Bowes,* 49 Cal.App.2d 542 [122 P.2d 71].) That the complaint in the absence of counteraffidavits may be considered appears in the opening lines of Code of Civil Procedure, section 396: "If an action or proceeding is commenced in a court which lacks jurisdiction of the subject matter thereof, as determined by the complaint or petition." "For the purpose of considering the motion for a change of place of trial the court is permitted to inspect the complaint for the purpose of determining the character of the action, and the judgment which might be rendered thereon. (*McFarland* v. *Martin,* 144 Cal. 771 [78 P. 239].)" (*Sheeley* v. *Jones,* 192 Cal. 256, 257 [219 P. 744].) "The question of the transitory or local character of the causes of action must be determined from the allegations of the complaint on file at the time the motion was made and from the nature of the judgment which might be rendered thereon, assuming the truth of the allegations." (*Neet* v. *Holmes,* 19 Cal.2d 605, 607 [122 P.2d 557]; see, also, *Eckstrand* v. *Wilshusen,* 217 Cal. 380 [18 P.2d 931]; *Sloan* v. *Court Hotel,* 72 Cal.App.2d 308 [164 P.2d 516].)

■ In an action upon a contract in which one individual appears to be the real party in interest, in the absence of allegations that defendant had contracted to perform an obligation in a particular county, or that the contract was entered into in a certain county, the venue is in the county where the individuals resided at the time of the commencement of the action. (Code Civ. Proc., § 395.) However, "Obviously, an existing obligation is performable at some place. If it is of such character that it is to be, or may be, performed in different counties no different situation is created than if it is

to be performed at a particular place. The express condition of the statute is that unless there is a special contract in writing to the contrary the county in which the obligation is incurred is the venue of an action arising out of it." (*Armstrong* v. *Smith*, 49 Cal.App.2d 528, 532 [122 P.2d 115].)

It is necessary herein to examine the sufficiency of the allegations of the complaint to the effect that the contract was entered into in San Francisco. The complaint alleges in substance that plaintiff delivered furniture, etc., to defendants as a carrier for a reasonable reward at San Francisco, and that the goods were to be transported to Oregon. There is no averment in the affidavit of the defendant to the contrary. Under these allegations the contract was entered into in San Francisco, and upon that conclusion the action of the trial court must be upheld.

The second cause of action may not defeat plaintiff's right to a trial in San Francisco. The allegations of paragraph IV in the first cause of action must be read in conjunction with paragraph II of the second cause of action. When read together the nature of the action on contract is not changed. It is an action for damages for a breach of contract which occurred as a result of appellant's negligence and not an action in tort. (*Kings Laboratories* v. *Yucaipa Val. F. Co.*, 18 Cal. App.2d 47 [62 P.2d 1054]; *Peterson* v. *Sherman*, 68 Cal.App. 2d 706 [157 P.2d 863].) Under the allegations in each count the complaint has been framed to show that plaintiff comes within an exception from the general provision that defendant is entitled to a trial in the county of his residence and plaintiff is entitled to a trial in the city and county of San Francisco. (*Neet* v. *Holmes, supra*.)

Particularly in the closing brief appellant stresses that the "movement of goods in Interstate Commerce should be permitted to be brought only at the Defendant's residence or at destination." There is no suggestion that the case should be transferred to the United States District Court as the proper jurisdictional court to try this case but rather that the place of venue should be governed by a bill of lading by reason of the fact that defendant is a common carrier under the jurisdiction of the Interstate Commerce Commission which designates tariffs, forms of bills of lading, etc. It is not claimed that the Interstate Commerce Commission Act has any provision relative to venue in such a case as the one at bar. The bill of lading is not referred to in the complaint or in the affidavit

of merits or in any record in this case. Appellant's theory that interstate commerce is involved in the present motion is erroneous.

The order appealed from is affirmed.

Peters, P. J., and Knight, J., concurred.