[Civ. No. 7251.   Third Dist.   July 24, 1946.]

J. E. HARBINSON et al., Respondents, v. JULIUS
AFFELDT et al., Appellants.

Fred M. Bollinger for Appellants.

Downey, Brand & Seymour for Respondents.

ADAMS, P. J.—This is an appeal from an order denying
defendants' motion for a change of place of trial to the county
of their residence.

The complaint, which was filed in Sacramento County,
alleges that plaintiffs and defendants entered into a written
contract by which defendants agreed to buy from plaintiffs
certain real property in Sacramento County, and also agreed
to care for the premises and irrigate same; that defendants
defaulted in their payments, and plaintiffs resumed posses-
sion; that defendants also failed to care for and irrigate said
land, with the result that the land and a crop growing thereon
were damaged; and that plaintiffs also were compelled to
employ labor to restore said damage.   A judgment for dam-
ages totaling $3,837 was prayed.

Defendants filed a demurrer to the complaint and also notice of motion for change of place of trial. Affidavits of defendants and counteraffidavits of plaintiffs were filed. Eventually the motion was denied.

Defendants' grounds for change of venue were, first, that there never was a contract between the parties, and second, that defendants were residents of San Joaquin County and were entitled to have the action tried in the county of their residence.

That the action is a transitory one is apparently conceded by both parties. The place of trial is therefore governed by section 395 of the Code of Civil Procedure which provides that "In all other cases" (other than those provided for in the preceding sections of said title) "the county in which the defendants, or some of them, reside at the commencement of the action, is the proper county for the trial of the action." But, after making special provision for certain kinds of actions of which this is not one, the section provides that "When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant . . . resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary."

■ Respondents argue that there was a written contract in this case which was entered into in the county of Sacramento, and was to be performed there, and therefore the change of venue was properly denied. Appellants, though admitting that they signed a document entitled "Agreement for Sale of Real Estate" (copy of which is appended to their affidavits), set up in their affidavits in support of their motion for change of venue that at the time they signed the contract the purchase price set forth therein was $21,000, and that said price was subsequently changed to $26,000 without the knowledge or consent of defendant Caroline Affeldt (though it was known to and initialed by defendant Julius Affeldt); also that after the execution of the writing by defendants there was inserted therein by plaintiffs a provision reading: "A personal agreement between seller J. E. HARBINSON and

purchaser JULIUS AFFELDT of Lodi. That purchaser JULIUS AFFELDT is take over all irrigation and hay work from this date on till ranch is paid for in full, June 1st, 1944. JULIUS AFFELDT is to pay all expenses. May 10 - 1944''; that defendants did not know that this insertion was in the document until June 6, 1944. The affidavits also aver that as a part of the negotiations leading up to the execution of the agreement for the sale of the land, one of the conditions was that the realtor through whom negotiations were carried on was to sell a ranch belonging to defendants for $20,000 net, which sale was never consummated. Appellants also aver that they never took possession of the property in Sacramento County, and that they never agreed to irrigate same. In short, their contention is that the contract upon which plaintiffs base their action is invalid, that therefore there is no contract in writing within the meaning of section 395, *supra,* and that such being the case, defendants have a right, under said section, to have the action transferred to the county of their residence. They state in their brief that ''It is the *appellants' contentions* that on a motion for change of venue that even though the complaint states a cause of action showing that the venue is in Sacramento County, that the defendant may show that no action exists, and therefore, that venue must be in the county of residence of the defendant''; and that on this motion the trial court should have determined that there is in fact no contract that can be enforced and ordered the cause transferred to the county of defendants' residence.

Neither party has cited any decision of the courts of this state in a case involving the exact question raised herein. However, it has long been stated by our courts over a period of years that upon a motion for a change of venue the merits of an action will not be gone into except, perhaps, to determine whether or not a party to the action has been joined in good faith and not solely for the purpose of fixing the venue in a certain county. *O'Brien* v. *O'Brien* (1911), 16 Cal.App. 193 [116 P. 696], was such a case, and an order denying a motion for change of venue was there sustained by this court where the averments of the complaint were sufficient to show that both defendants were proper parties to the action though one of them stated in his affidavit in support of the motion that he was a nominal party only and had no interest in the defense thereof. The court said, at page 197: ''The court will

not go into the merits of the action on a motion to change the place of trial." In *Mitchell* v. *Kim* (1919), 42 Cal.App. 111 [183 P. 368], a similar situation was presented and this court again stated that courts will not go into the merits of an action on a motion to change the place of trial; and that where there is a conflict between the averments of the complaint and the allegations of an affidavit in support of the motion for a change of venue, the decision of the trial court will not be disturbed on appeal. In *Sourbis* v. *Rhoads* (1920), 50 Cal. App. 98 [194 P. 521], a similar decision was rendered, and this court then said, page 101: "Of course, upon a hearing of this character it is not proper to have a trial of the cause upon its merits. This has been clearly decided and must be deemed settled beyond controversy." But it was further stated that it was proper in such proceeding to permit a defendant who was moving for a change of venue, to make sufficient showing to convince the court that he, in connection with the plaintiff, was the only real party in interest in the controversy, and that another had been joined as a defendant solely for the purpose of having the action tried in the county where the complaint was filed. A petition to have the action heard in the Supreme Court was denied.

In *Pacific Coast Automobile Assn.* v. *Ahlf* (1931), 115 Cal. App. 21 [300 P. 841], it was urged that the complaint did not show the possibility of a cause of action against certain defendants and that they had been joined for the fraudulent purpose of depriving the real defendants of their right to have the action tried in the place of their residence. The court stated the rule that upon a hearing of a motion for change of place of trial it is not proper to go into the merits of the action; and though recognizing that this rule does not extend to the point of precluding a showing that a plaintiff has actually no cause of action against one of the parties who was made a defendant for the fraudulent purpose of depriving a real defendant of his right to have the action tried in the place of his residence, said that where there was a direct conflict in the evidence the conclusion of the trial court could not be disturbed. (Citing *McKenzie* v. *Barling*, 101 Cal. 459 [36 P. 8], and *Richmond Terminal Corp.* v. *Parr Terminal Co.*, 96 Cal.App. 152 [273 P. 845]. Also see *California Collection Agency* v. *Fontana*, 61 Cal.App.2d 648 [143 P.2d 507], and cases therein cited.)

*Greenland* v. *Carter,* 219 Iowa 369 [258 N.W. 678], is, however, similar in its facts to the case before us. There a motion for change of place of trial, made by defendant in an action on a promissory note, was based in part upon defendant's affidavit that he had never signed the note or authorized anyone else to sign it for him, etc., and that he was not liable thereon. The motion was denied, the court saying, pages 679-680 [258 N.W.]:

"The further statements of the affidavit to the effect that the petitioner never signed the note and never authorized any other person to sign it for him, and that he never ratified, confirmed, or approved the note, or did anything to make him liable thereon, are not such matters as may be determined by the court on a motion to change the place of trial, in the face of the clear provisions of the written contract sued upon. These are plainly defensive matters and are such as can be determined only upon the trial of the case upon its merits. It may be that upon such trial the plaintiff in the action in the district court will be unable to present evidence that L. T. Greenland ever signed the note in question, or consented that his signature be placed thereon, or did anything that would make him liable thereon. On the other hand, the plaintiff may present sufficient evidence on the trial of the case to make a question for the jury. The plaintiff has a right to have these questions determined in the regular way by a trial to a jury, and cannot be compelled to have them disposed of summarily upon a motion to change the place of trial."

As the statutes of that state were similar to section 395 of our Code of Civil Procedure the case appears to be directly in point here.

Appellants quote *Nakanishi* v. *Policy Holders Life Ins. Assn.,* 129 Cal.App. 747 [19 P.2d 287], to the effect that "the practice permits and encourages a full hearing of the facts determinative of the venue." But in the Nakanishi case the affidavits involved the question of where the contract of insurance sued upon was to be performed and not whether the contract itself was a valid one, or, as contended here, whether there was or was not a valid contract at all. The issue was solely one relative to the place of trial and did not involve the merits of the action. *Brown* v. *San Francisco Savings Union,* 122 Cal. 648 [55 P. 598], is also relied upon by appellants, but also in that case the question presented on motion for change

of place of trial was where was the agreement sued upon made or to be performed. The affidavits were conflicting and the order denying the motion was affirmed. Other cases cited by appellants go no further; and none is cited that upholds their statement in their brief that "the trial Court must first determine that a contract existed before it can retain venue. If none existed, the trial of the action is at appellants' residence." Appellants' very statement defeats them, for it would seem to follow that if no contract exists no change of venue should be granted for there will be no issue left to be tried.

Appellants do not allege in their affidavits nor contend here that if the contract sued upon is a valid one, it was not entered into in Sacramento County and to be performed there. Whether it is or is not in fact a valid and enforceable contract is a matter to be determined upon a trial of the action; and appellants' averments that it is invalid are matters of defense to be alleged in their answer, and are not such as are proper to be determined on this motion. We are unable to follow the reasoning of appellants that they are entitled to have these questions determined in the county of their residence, while they argue, at the same time, that the court in which the action was brought must first determine them. Furthermore, this court cannot say that the trial court did not in fact determine them, for, insofar as conflicts in the allegations of plaintiffs in their complaint and affidavits, and the allegations of defendants in their affidavits, are concerned, the determination of the trial court is conclusive upon an appellate court. (See *Mitchell* v. *Kim, supra; Pacific Coast Automobile Assn.* v. *Ahlf, supra; McKenzie* v. *Barling, supra; Lakeshore Cattle Co.* v. *Modoc Land & Livestock Co.*, 108 Cal. 261 [41 P. 472].)

The order appealed from is affirmed.

Thompson, J., and Peek, J., concurred.