[Civ. No. 13863. First Dist., Div. Two. Nov. 29, 1948.]

CARNATION COMPANY (a Corporation), Respondent, v.
EL REY CHEESE COMPANY et al., Appellants.

E. Hagan, in pro. per., for Appellants.

Ernest J. Livengood for Respondent.

GOODELL, J.—This is an appeal from an order denying a motion for change of place of trial.

Section 395, Code of Civil Procedure, provides that ". . . When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides . . . shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary . . ."

Appellant in support of his motion filed an affidavit showing that his place of residence was Los Angeles County and that the contract was entered into, to be performed, and was performed, in that county.

The verified complaint is in two counts. The first is a common count for $5,408.86 money had and received wherein it is alleged "That the obligation of defendants herein was incurred and payable at Oakland . . ."

The second count pleads the facts of the transaction. Therein it is alleged that defendants sold respondent a quantity of cheese for which respondent paid them $19,782 before dis-

covering that it was unmerchantable; that after such discovery "the purchase thereof was rescinded by the parties by mutual oral agreement *entered into at Oakland,"* pursuant to which the defective cheese was returned to defendants at Los Angeles, who agreed to reimburse respondent in full, including shipping costs; that defendants then delivered to respondent *at Oakland* cheese of the market value of $14,828.40.

The concluding allegation is that the "rescission agreement was entered into and the obligation of defendants thereunder was incurred in and to be performed by them *in the County of Alameda . . ."* (All emphasis added.)

The prayer is for $5,408.86, which is the difference between the $19,782 paid and the $14,828.40, plus freight charges of $455.26.

These allegations, on the one hand, and that part of appellant's affidavit setting forth that the making and performance of the contract was in Los Angeles County, on the other, presented a clear-cut conflict. Appellant concedes this.

Ever since the decision in *Lakeshore C. Co.* v. *Modoc etc. Co.,* 108 Cal. 261 [41 P. 472], it has been settled law that where such conflict exists between the allegations of a verified complaint and the affidavit of the defendant on a motion for change of venue, an appellate court will not disturb the action of the trial court thereon. To the same effect are: *Bowers* v. *Modoc etc. Co.,* 117 Cal. 50 [48 P. 979]; *Bradley* v. *Davis,* 156 Cal. 267 [104 P. 302]; *Gordon* v. *Perkins,* 203 Cal. 183 [263 P. 231]; *Mitchell* v. *Kim,* 42 Cal.App. 111 [183 P. 368]; *Harbinson* v. *Affeldt,* 75 Cal.App.2d 499 [171 P.2d 474]. The foregoing are but a few of the many cases which follow the rule of the Lakeshore case. The case of *East-West Dairymen's Association* v. *Dias,* 59 Cal.App.2d 437 [138 P.2d 772], holds substantially to the same effect, and, further, that there is no necessity for a plaintiff to file a counteraffidavit repeating the allegations of his verified complaint. The Dias case is followed in *Atwater* v. *Argonne Van & Storage Co.,* 74 Cal.App.2d 410 [168 P.2d 776]; *Bloom* v. *Carpenter,* 74 Cal.App.2d 790 [169 P.2d 388] and in *Goossen* v. *Clifton,* 75 Cal.App.2d 44 [170 P.2d 104].

The "ruling of the trial court upon issues of fact raised by conflicting affidavits is entitled, upon appeal, to the same weight as a finding on conflicting evidence as to issues of fact." *(Rench* v. *Harris,* 76 Cal.App.2d 113, 118 [172 P.2d 576], citing 1 Cal.Jur. pp. 680-1 and 1 Cal.Jur. 10-Yr.Supp. p. 123.)

It is true, as appellant points out, that his claim of residence in Los Angeles County is not disputed, and the right of a defendant to have the action tried in the county of his residence is "an ancient and valuable right" (*Kaluzok* v. *Brisson*, 27 Cal.2d 760, 763 [167 P.2d 481]). However, section 395, Code of Civil Procedure, specifies alternatives "When a defendant has contracted to perform an obligation in a particular county" and the two conflicts respecting place of contract and place of performance were resolved in favor of the prevailing party, which action cannot be disturbed on appeal. (*C. H. Parker Co.* v. *Exeter Refining Co.*, 26 Cal. App.2d 610, 611 [79 P.2d 1114], and cases *supra.*)

The order is affirmed.

Nourse, P. J., and Dooling, J., concurred.