[Civ. No. 19432.   Second Dist., Div. One.   June 22, 1953.]

CITY OF LONG BEACH, Appellant, v. LAKEWOOD PARK (a Corporation) et al., Respondents.

Irving M. Smith, City Attorney, and Joseph B. Lamb, Assistant City Attorney, for Appellant.

Spray, Gould & Bowers for Respondents.

SCOTT (Robert H.), J. pro tem.—Plaintiff appeals from an order made under section 394 of the Code of Civil Procedure granting a motion by certain defendants to transfer its proceedings in eminent domain to another county. The suit was filed in Los Angeles County, where the property is located, and by this order was transferred to Orange County.

Appellant's first contention is that section 394 of the Code of Civil Procedure is inapplicable to the situation in

the case before us. That section provides in part: "Whenever an action or proceeding is brought by a . . . city, against a resident of another . . . city . . . the action or proceeding must be, on motion of either party, transferred for trial to a county, . . . other than that in which the plaintiff is situated, if the plaintiff is a city, and other than that in which the defendant resides, or is doing business, or is situated." Plaintiff suggests that a proceeding in eminent domain is a "special proceeding," and is therefore neither an "action" nor a "proceeding" as those terms are used in the section cited.

Back in 1903 in the case of *Santa Rosa* v. *Fountain Water Co.*, 138 Cal. 579 [71 P. 1123, 1136], the Supreme Court held that the section 394, as it then read, applied only to actions and not to "special proceedings" such as eminent domain. But in 1915 the section cited was amended to include the words "or proceeding." In 1926 in the case of *City of Stockton* v. *Ellingwood*, 78 Cal.App. 117 [242 P. 272], it was held to be properly applicable to proceedings in eminent domain. In 1951 in the case of *City of Oakland* v. *Darbee*, 102 Cal. App.2d 493 [227 P.2d 909], the same section was fully considered and was applied to such a proceeding. See, also, *Mono Power Co.* v. *City of Los Angeles*, 33 Cal.App. 675 [166 P. 387].

Under title VII—Eminent Domain, section 1243 of the Code of Civil Procedure says: "The provisions of this code for the change of place of trial of actions shall apply to proceedings under this title except as in this section otherwise provided."

Plaintiffs next contend that the individual defendants who filed the affidavits and requests for order transferring the case to another county do not have rights in the property sought to be condemned sufficient to warrant this demand. It may be that when the case is tried on its merits and the evidence is all before the court a finding may be made that defendants would suffer no detriment.

Considering the showing made in support of the motion and against it, we find in the complaint that the property is to be acquired for airport purposes subject to rights of various defendants to explore for oil, to drill wells, to erect derricks, tanks, machinery and other structures, to construct and maintain pipe lines. Defendants' affidavits assert ownership of some of these rights, especially oil and the right to drill wells to get it out.

The methods by which the property will be operated as an airport while derricks are erected and oil is extracted will doubtless be explained at the time the case is tried, but the trial court in passing on this motion was not called upon to determine it.

■ It is not the function of the trial court, in passing upon the sufficiency of a showing in support of a motion to transfer a case to another county, to try the issues. (*Harbinson* v. *Affeldt*, 75 Cal.App.2d 499 [171 P.2d 474].) ■ Where, as here, the motion was made and determined upon the allegations of the verified complaint and the affidavits of defendants, "all conflicts must be resolved in favor of the prevailing party; and all reasonable inferences which are to be drawn must be in support of the trial court's order." (*Hale* v. *Bohannon*, 38 Cal.2d 458, 466 [241 P.2d 841].)

Order of June 5, 1952, granting motion to transfer proceedings and trial to another county and designating Orange County is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied July 8, 1953, and appellant's petition for a hearing by the Supreme Court was denied August 20, 1953.