[Civ. No. 9541.   Third Dist.   May 5, 1959.]

E. M. CARSE et al. Respondents, v. PETE ZAREVICH, Appellant.

Silvio E. Borello for Appellant.

Leo J. Todd for Respondents.

PEEK, J.—This is an appeal from an order denying defendant's motion for a change of venue to the county of defendant's residence.

Plaintiffs' complaint alleges as a first cause of action that defendant entered into a contract to buy certain real property from plaintiffs; that defendant deposited a check for $3,000 with the real estate broker pursuant to the terms of a deposit receipt contract; and that thereafter defendant stopped payment on the check. The contract provided that in the event the defendant purchaser failed to pay the balance of the purchase price or to complete the purchase, the amount deposited ". . . shall at the option of the seller, be retained as consideration for the execution of this agreement . . ." Plaintiffs seek judgment on said cause of action in the amount of $3,000.

For a second cause of action plaintiffs allege that in reliance upon defendant's written agreement to buy the real property, they, the plaintiffs, refrained from maintaining and caring for an orchard on the property, and that as a result they have been damaged in the further sum of $3,000 by the failure of the defendant to perform the contract as agreed.

Defendant demurred to the complaint and in addition filed a motion for change of venue on the ground that his residence is in Santa Clara County. The motion was denied and he now appeals.

Code of Civil Procedure, section 395, insofar as pertinent to this proceeding, provides: ". . . When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, . . . shall be a proper county for the trial of an action founded on such obligation, . . ."

It is uncontradicted that the contract of sale was consummated in Nevada County, and since the county of a defendant's residence is not a preferred place of trial over the county in which the contract was entered into or is to be performed (*Gilman* v. *Nordin*, 112 Cal.App.2d 788 [247 P.2d 394]), it follows that by reason of said code section Nevada County was a proper county for the trial of the action.

Defendant contends, however, that the second cause of action sounds in tort; that is, an action of fraud is alleged and therefore the action becomes transitory and the county of defendant's residence the only proper county for trial. An examination of the complaint clearly indicates that plaintiffs'

second cause of action is for damages flowing from the breach of the contract and not for fraud. Hence the second cause of action does not defeat plaintiffs' right to have the cause tried in Nevada County. (*Bloom* v. *Carpenter*, 74 Cal.App.2d 790 [169 P.2d 388].)

The order is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.